# Docket No. 21-55786

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

CHRISTINA PEARSON,
PLAINTIFF-APPELLANT,

v.

APRIA HEALTHCARE GROUP, INC. AND ARSTRAT, LLC,

DEFENDANTS-APPELLEES.

ON APPEAL FROM AN ORDER OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

DISTRICT COURT CASE NO.: 3:19-CV-02400-WQH-JLB
HON. WILLIAM Q. HAYES

## PLAINTIFF-APPELLANT'S REPLY BRIEF

| | |
|---|---|
| **KAZEROUNI LAW GROUP, APC** | **THE CARDOZA LAW CORPORATION** |
| Abbas Kazerounian (SBN: 249203) | |
| ak@kazlg.com | Michael F. Cardoza, Esq. (194065) |
| Ryan L. McBride (SBN: 297557) | Mike.cardoza@cardozalawcorp.com |
| ryan@kazlg.com | Lauren B. Veggian, Esq. (309929) |
| 245 Fischer Avenue | Lauren.veggian@cardozalawcorp.com |
| Suite D1 | 548 Market St #80594 |
| Costa Mesa, California 92626 | San Francisco, CA 94104 |
| Telephone: (800) 400-6808 | Telephone: (415) 488-8041 |
| Facsimile: (800) 520-5523 | Facsimile: (415) 651-9700 |

*Attorneys for Plaintiff-Appellant*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................3
I. INTRODUCTION ................................................................................................5
II. ARGUMENT.......................................................................................................6
     A.    Appellant Presented the Claim in the Complaint and in the Motion for Reconsideration ................................................................................ 6
     B.    Appellant is not required to Include All Claims in a Motion for Summary Judgment................................................................................ 8
     C.    Appellee Cites to Inapplicable Portions of Plaintiff's Complaint in Support of its Argument....................................................................... 9
     D.    Appellant Has Been Deprived of Due Process ..................................... 9
     E.    Article III Standing Is Not at Issue in this Appeal ............................. 10
          a.    Appellant Has Article III Standing for the Violation............... 10
     F.    Materiality is Not at Issue in this Appeal............................................ 14
          a.    The Violations Are Material ...................................................... 15
     G.    If this Court Allows the Claim, It Should Bring the State Claims Back................................................................................................... 17
III. CONCLUSION .................................................................................................18
CERTIFICATE OF COMPLIANCE ........................................................................18

# TABLE OF AUTHORITIES

**Cases**

*Afewerki v. Anaya Law Grp.*,
  868 F.3d 771 (9th Cir. 2017) .................................................................. 15, 16, 17

*Avina v. Patenaude & Felix, APC*,
  No. 20-cv-00166-BAS-MDD, 2021 U.S. Dist. LEXIS 44048 (S.D. Cal. March 9, 2021) ................................................................................................................. 14

*Bahar Sengel & Cengiz Sengel v. Concord Servicing Corp.*,
  2022 U.S. Dist. LEXIS 79544 (C.D. Cal 2022) .................................................. 13

*Baker v. G. C. Servs. Corp.*,
  677 F.2d 775 (9th Cir. 1982) ............................................................................. 15

*Beane v. RPW Legal Servs., PLLC*,
  378 F. Supp. 3d 948 (W.D. Wash. 2019) ........................................................... 11

*Carter v. United States*,
  530 U.S. 255 (2000) ........................................................................................... 15

*Donohue v. Quick Collect, Inc.*,
  592 F.3d 1027 (9th Cir. 2010) ..................................................................... 15, 16

*Dunham v. Robert Crane & Assocs., LLC*,
  No. 1:16-cv-2100-SEB-MPB, 2017 U.S. Dist. LEXIS 95492 (S.D. Ind. June 20, 2017) ................................................................................................................. 12

*Gonzales v. Arrow Fin. Servs., LLC*,
  660 F.3d 1055 (9th Cir. 2011) ..................................................................... 11, 13

*Guerrero v. RJM Acquisitions LLC*,
  499 F.3d 926 (9th Cir. 2007) ....................................................................... 13, 16

*Hahn v. Triumph Partnerships LLC*,
  557 F.3d 757 (7th Cir. 2009) ....................................................................... 15, 16

*Kramer v. Ray Klein, Inc.*,
  2019 U.S. Dist. LEXIS 226201 (D. Or. 2019) .................................................. 11

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) .................................................................................... 10, 11

*Macy v. GC Services Ltd. P'ship*,
  897 F.3d 747 (6th Cir. 2018) ............................................................................. 12

*Midway Fin. Corp. v. Walters*,
  1992 U.S. App. LEXIS 32229 (9th Cir. 1992) ..................................................... 8

*Navajo Nation v. United States Forest Serv.*,
  535 F.3d 1058 (9th Cir. 2008) ............................................................................. 9

*Neder v. United States*,
  527 U.S. 1 (1999) ............................................................................................... 15

*Patel v. Facebook, Inc.*,
　932 F.3d 1264 (9th Cir. 2019) ............................................................................. 11
*Powell v. Palisades Acquisition XVI,* LLC,
　782 F.3d 119 (4th Cir. 2014) ............................................................................... 17
*Raich v. Gonzales*,
　500 F.3d 850 (9th Cir. 2007) ............................................................................... 14
*Robins v. Spokeo, Inc.*,
　867 F.3d 1108 (9th Cir. 2017) (*Spokeo II*) ........................................................... 11
*Rothman v. Hospital Service of Southern California,*
　510 F.2d 956 (9th Cir. 1975) ................................................................................. 8
*Smith v. Marsh*,
　194 F.3d 1045 (9th Cir. 1999) ............................................................................. 14
*Spokeo v. Robbins*,
　136 S. Ct. 1540 (2016) ......................................................................................... 11
*Tourgeman v. Collins Fin. Servs., Inc.*,
　755 F.3d 1109 (9th Cir. 2014) ....................................................................... 16, 17
*United States v. Carlson*,
　900 F.2d 1346 (9th Cir. 1990) ............................................................................. 14
*Watkins v. Inv. Retrievers, Inc.*,
　217CV01348KJMCKD, 2018 U.S. Dist. LEXIS 11717 (E.D. Cal. Jan. 24, 2018)
　............................................................................................................................ 14
*Whittaker Corp. v. Execuair Corp.*,
　953, F.2d 510 (9th Cir. 1992) ................................................................................ 8
*Winehouse v. GC Servs. Ltd. P'ship*,
　No. 16-cv-03110-FB-RML, 2017 U.S. Dist. LEXIS 86791 (E.D.N.Y. June 6,
　2017) .................................................................................................................... 12
*Wolf v. Sanco Nacional de Mexico, S.A.*,
　739 F.2d 1458 (9th Cir. 1984) ............................................................................... 8

**Statutes**

15 U.S.C. §§ 1692, *et. seq.* ........................................................................... *passim*
Fed. R. App. P. 32, *et.seq.* ..................................................................................... 20
Fed. R. Civ. P. 8 ....................................................................................................... 9
Fed. R. Civ. P. 56 ..................................................................................................... 9

**Constitutional Provisions**

Article III ............................................................................................... *passim*

# I. INTRODUCTION

In Appellee Arstrat, LLC's ("Appellee") answering brief ("Answering Brief"), Appellee fails to address the most significant portions of Appellant Christina Pearson's ("Appellant or "Ms. Pearson") opening brief ("Opening Brief"). Specifically, Appellant provided particular portions of Appellant's complaint ("Complaint") that refer to the September 12, 2019 collection letter alleged by Ms. Pearson in her complaint and produced through discovery (the "Collection Letter"). Further, Appellant cites to the portion of the Complaint that identifies the specific law that the Collection Letter violated. Appellee cannot deny the sufficiency of the Complaint. Instead, Appellee cites to portions of the Complaint that are inapplicable to the issues at hand in support of its argument.

Appellant has been deprived of her due process right to have the 15 U.S.C. § 1692e(2)(A) (claim 2) and § 1692f(1) (claim 3) claims regarding the Collection Letter ("Collection Letter Claims") heard by the district court. Furthermore, Appellee now brings up for the first time two arguments regarding the Collection Letter Claims. First, Appellee takes the position that Appellant does not have Article III standing to make the Collection Letter Claims. This argument falls outside the scope of this appeal and should be disregarded. However, if the Article III standing argument is considered by this Court, the case law favors Appellant here. Thus, Ms. Pearson has Article III standing.

Second, Appellee argues that the Collection Letter Claims would not be material, if allowed. Again the Court should disregard this argument as it was not previously made before this appeal, and it falls outside the scope of the issues being decided in the appeal. If the second argument is considered, Ninth Circuit case law weighs heavily in Appellant's favor regarding materiality. Accordingly, the Court should reinstate Appellant's Collection Letter Claims and the supplemental state law claims that were dismissed by the district court.

## II. ARGUMENT

### A. Appellant Presented the Claim in the Complaint and in the Motion for Reconsideration

Appellee makes the argument at multiple times in its Answering Brief that Ms. Pearson never presented the claims that the Collection Letter violated 15 U.S.C. §§ 1692e(2)(A) and 1692f(1). However, as explained in Appellant's Opening Brief, Appellant made this claim both in the Complaint and in Appellant's motion for reconsideration ("Motion for Reconsideration") of the district court's sua sponte order on motion for summary judgment ("MSJ"). In the Complaint, Appellant alleges that:

> Plaintiff received a letter from Defendant ARS on September 12, 2019, addressed to Plaintiff's California address, stating that a debt was placed with Defendant ARS for collection, and which stated that the creditor was Apria Healthcare and the amount due was $110.91. On information and belief, the debt referred to in the September 12, 2019, letter from Defendant ARS is the same debt for the nebulizer

6

that Plaintiff was originally dunned for by Appellee Apria.

ER-244 at ¶ 33.

Two paragraphs later in the Complaint, Ms. Pearson states:

Plaintiff called Defendant ARS back and informed them of the conversation she'd had with Defendant Apria, wherein Defendant Apria told her she did not owe the debt. During this conversation, Defendant ARS told Plaintiff that she *did* owe the debt and that she was required to pay.

ER-245 at ¶ 35.

Subsequently in the Complaint, Ms. Pearson alleges:

Defendant [ARS] violated § 1692e(2)(a) when it, among other qualifying actions and omissions, willfully misrepresented the character, amount, and/or legal status of the debt, to wit: that the Plaintiff was responsible for paying the debt when she was not.

ER-247 at ¶ 49.

Ms. Pearson additionally alleges in the Complaint:

Defendant [ARS] violated § 1692f(1) when it, among other qualifying actions and omissions, willfully and without justification, attempted to collect an amount from Plaintiff that it was not authorized to collect from Plaintiff by either agreement or law.

ER-247-248 at ¶ 52. Therefore, Ms. Pearson clearly alleges the Collection Letter Claims in the Complaint. Furthermore, Ms. Pearson brought up the Collection Letter Claims again in her Motion for Reconsideration. Therefore, Appellee's argument that this is an issue of first impression on appeal is erroneous.

Further, this Court may consider issues raised for the first time in the district

7

court on a motion for reconsideration because there the district court is given "a clear opportunity to review the validity of its order." *Midway Fin. Corp. v. Walters*, 1992 U.S. App. LEXIS 32229 (9th Cir. 1992) citing *Whittaker Corp. v. Execuair Corp.*, 953, F.2d 510, 515 (9th Cir. 1992). However, where the issue is first raised in a motion made after the entry of the district court's final judgment, the issue "was not suitably raised below and is not properly before this Court." *Rothman v. Hospital Service of Southern California,* 510 F.2d 956, 960 (9th Cir. 1975); *see also Wolf v. Sanco Nacional de Mexico, S.A.,* 739 F.2d 1458, 1460 (9th Cir. 1984)* (The district court "could have held that by bypassing the issue in the summary judgment proceedings [the defendant] had forgone the opportunity to raise the issue (even in a subsequent motion to stay proceedings to enforce the judgment]."), *cert. denied,* 469 U.S. 1108 (1985).

Here, the Collection Letter Claims were identified in Ms. Pearson's Complaint, well before the MSJ order was issued by the district court. Ms. Pearson brought up the Collection Letter Claims again in her Motion for Reconsideration. Therefore, the issues brought up in the appeal are properly made.

**B. Appellant is not required to Include All Claims in a Motion for Summary Judgment**

Appellee takes the position that since Ms. Pearson failed to bring a claim in her MSJ, then Ms. Pearson has lost the right to bring the claim. This assertion is

8

false. All claims in a case do not have to be decided on MSJ. *See Navajo Nation v. United States Forest Serv.*, 535 F.3d 1058 (9th Cir. 2008) (MSJ granted on all claims, but one, which resulted in an 11-day bench trial on the remaining claim); *see also* Fed. R. Civ. P. 56. It is common knowledge that claims that are not decided on MSJ, will proceed to trial.

### C. Appellee Cites to Inapplicable Portions of Plaintiff's Complaint in Support of its Argument

Appellee cites to several portions of Ms. Pearson's Complaint relating to the phone calls made to Ms. Pearson. Appellee correctly points out in its Answering Brief that Appellant is not disputing the portion of the MSJ order relating to phone calls made to Ms. Pearson. These portions of the Complaint have no bearing on this particular appeal. Ms. Pearson provided the facts relating to the Collection Letter Claims and the statute that the Collection Letter violated in her Complaint. This is sufficient under Fed. R. Civ. P. 8 as discussed in Appellant's Opening Brief.

### D. Appellant Has Been Deprived of Due Process

The record is clear that Ms. Pearson attempted to make claims regarding the Collection Letter under 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) in her Complaint. Ms. Pearson then asserted the Collection Letter Claims further in her Motion for Reconsideration. By refusing to address Ms. Pearson's Collection Letter Claims,

9

the district court has deprived Ms. Pearson of her due process rights to have the claims heard. When Ms. Pearson brought the issue to the district court's attention in her Motion for Reconsideration, the district court continued to deny Ms. Pearson her right to have the Collection Letter Claims heard. ER-3-7. Therefore, Ms. Pearson has been deprived of due process by the district court's ruling.

### E. Article III Standing Is Not at Issue in this Appeal

Deciding the merits of Appellant's Collection Letter Claims is *not* within the scope of this appeal. This Court should not be analyzing the merits of these claims, only whether the claims should be allowed. In case this Court disagrees, and out of an abundance of caution, Appellant will address the merits arguments brought up by Appellee.

#### a. Appellant Has Article III Standing for the Violation

This is a straightforward case in which a Ms. Pearson suffered a redressable injury at the hands of Appellee. Thus, Appellant has Article III standing. Article III of the Constitution limits the authority of the federal courts to decide "Cases" and "Controversies." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992). For a dispute to be within the power (the subject-matter jurisdiction) of a federal court, the plaintiff must have standing—that is, the plaintiff must have alleged a sufficient interest in the dispute. This "irreducible constitutional minimum" of standing has three elements: (1) the plaintiff has suffered a concrete

injury; (2) that injury is fairly traceable to actions of the defendant; and (3) it must be likely—not merely speculative—that the injury will be redressed by a favorable decision.[1] *Id.* at 560–61.

In *Spokeo v. Robbins*, 136 S. Ct. 1540, 1545, 194 L. Ed. 2d 635 (2016), the Supreme Court reexamined constitutional standing requirements in the context of procedural violations of the Fair Credit Reporting Act. Following *Spokeo*, a plaintiff may establish a concrete injury-in-fact under a two-step approach to determine whether the violation of a statute causes a concrete injury. The Court will ask "(1) whether the statutory provisions at issue were established to protect [the plaintiff's] concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests." *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017) (*Spokeo II*); see also *Patel v. Facebook, Inc.*, 932 F.3d 1264, 1270 (9th Cir. 2019).

A technical violation of the FDCPA, even when not accompanied by actual harm, has sufficed for Article III standing. *See Kramer v. Ray Klein, Inc.*, 2019 U.S. Dist. LEXIS 226201 (D. Or. 2019) citing *Dunham v. Robert Crane & Assocs.,*

---

[1] *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060 (9th Cir. 2011) (quoting 15 U.S.C. § 1692(e)) ("The FDCPA was enacted as a broad remedial statute designed to 'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Beane v. RPW Legal Servs., PLLC*, 378 F. Supp. 3d 948, 955-56 (W.D. Wash. 2019)

11

*LLC*, No. 1:16-cv-2100-SEB-MPB, 2017 U.S. Dist. LEXIS 95492, 2017 WL 2664287, at *5 (S.D. Ind. June 20, 2017) ("Although courts have found that violations of other statutes do not create concrete injuries in fact, violations of the FDCPA are distinguishable from these other statutes and, accordingly, courts routinely find that FDCPA violations establish concrete injuries for standing purposes."); *see also Winehouse v. GC Servs. Ltd. P'ship*, No. 16-cv-03110-FB-RML, 2017 U.S. Dist. LEXIS 86791, 2017 WL 2455075, at *3 (E.D.N.Y. June 6, 2017).

Here, contrary to Appellee's suggestion that Article III standing is lacking, Ms. Pearson has indeed suffered a concrete injury in fact which is traceable to the actions of Appellee, and which is likely to be redressed by a favorable decision. This is not a case of "no harm, no foul" as Appellee's attempts to collect an amount not owed by Ms. Pearson caused actual harm to Ms. Pearson and created a material risk of harm to a congressionally recognized interest that the FDCPA was enacted to protect. *See Macy v. GC Services Ltd. P'ship,* 897 F.3d 747, 759 (6th Cir. 2018) (holding the debt collector's misleading communication placed the plaintiffs at materially greater risk of falling victim to abusive debt collection practices. and "created a material risk of harm to a congressionally recognized interest.").

Appellee's misinformation in the Collection Letter misled Ms. Pearson,

especially under the "least sophisticated debtor" standard.[2] As a result of Appellee's false and misleading representations regarding the debt, Ms. Pearson was not accurately informed. Appellee's conduct left Ms. Pearson unable to chart a proper course of action in response to the collection, and led to Appellant being unable to intelligently respond to the Collection Letter or determine how to resolve the alleged debt before further collection attempts were made. *See Bahar Sengel & Cengiz Sengel v. Concord Servicing Corp.*, 2022 U.S. Dist. LEXIS 79544 (C.D. Cal 2022) ("Defendant's collection efforts, as well as harm and risk of harm to Plaintiffs' concrete interests under the FDCPA as Defendant's conduct deprived Plaintiffs of being able to go about intelligently responding to Defendant's collection efforts — an underlying interest which is at the core of the FDCPA.")

Other cases within the Ninth Circuit have also held that allegations of "informational violations" of the FDCPA under § 1692e are sufficient to satisfy standing, even absent allegations of additional harm. *See, e.g., Watkins v. Inv. Retrievers, Inc.*, 217CV01348KJMCKD, 2018 U.S. Dist. LEXIS 11717, 2018

---

[2] See *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061-1062 (9th Cir. 2011) (The standard is designed to protect consumers of below average sophistication or intelligence, or those who are uninformed or naive; "The 'least sophisticated debtor' standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor."). *See also Guerrero v. RJM Acquisitions, LLC*, 499 F.3d 926, 934 (9th Cir. 2007) ("If the least sophisticated debtor would 'likely be misled' by a communication from a debt collector, the debt collector has violated the Act.")

WL 558833, at *3 (E.D. Cal. Jan. 24, 2018) (holding that plaintiff need not "allege any harm that could exist independent of the [FDCPA]" to obtain standing for §1692e claims); see also *Avina v. Patenaude & Felix, APC*, No. 20-cv-00166-BAS-MDD, 2021 U.S. Dist. LEXIS 44048, 2021 WL 873336, at *4 (S.D. Cal. March 9, 2021) (concluding that the "FDCPA codifies Plaintiff's concrete interest in being free from abusive debt collection practices").

Thus, based on the above and Appellant's moving papers, Appellant has supplied adequate proof, by a preponderance of the evidence and/or to a reasonable probability, that standing exists.

### F. Materiality is Not at Issue in this Appeal

"It is a long-standing rule in the Ninth Circuit that, generally, we will not consider arguments that are raised for the first time on appeal." *Raich v. Gonzales*, 500 F.3d 850 (9th Cir. 2007) citing *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). That rule is subject to the exceptions that we may consider a new issue if:

(1) there are exceptional circumstances why the issue was not raised in the trial court;

(2) the new issue arises while the appeal is pending because of a change in the law; OR

(3) the issue presented is a pure question of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court.

See *United States v. Carlson*, 900 F.2d 1346, 1349 (9th Cir. 1990).

Here, again, deciding the merits of Appellant's 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) claims regarding the Collection Letter is *not* within the scope of this appeal. Whether the violation is material should be an issue decided at trial should the Collection Letter Claims be allowed to remain. Out of an abundance of caution, Appellant will address the materiality argument here.

### a. The Violations Are Material

"Materiality is an ordinary element of any federal claim based on a false or misleading statement." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010) (citing *Hahn v. Triumph Partnerships LLC,* 557 F.3d 757 (7th Cir. 2009)) (citing *Carter v. United States*, 530 U.S. 255, 120 S. Ct. 2159, 147 L. Ed. 2d 203 (2000); *Neder v. United States*, 527 U.S. 1, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999)). "In evaluating the tendency of language to deceive, [we] should look not to the most sophisticated readers but to the least." *Afewerki v. Anaya Law Grp.*, 868 F.3d 771 (9th Cir. 2017) citing *Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 778 (9th Cir. 1982).

"We concluded that the FDCPA does not ask the subjective question of whether an individual plaintiff was actually misled by a communication. Rather, it asks the objective question of whether the hypothetical least sophisticated debtor would likely have been misled. If the least sophisticated debtor would likely be misled by a communication from a debt collector, the debt collector has violated

the Act." *Afewerki* at 775 citing *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007) (internal quotation marks omitted). "The least sophisticated debtor may be uninformed, naive, and gullible." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1119 (9th Cir. 2014). "[H]er interpretation of a collection notice cannot be bizarre or unreasonable," *id.*, but it is still the perspective of the least sophisticated debtor that counts. *Id.*

> More recently, in *Donohue v. Quick Collect, Inc.*, 592 F.3d at 1033-34, we adopted the materiality requirement as a 'corollary' to the least sophisticated debtor standard. False but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under §[] 1692e. By asking whether false statements were material, we took the least sophisticated debtor standard that we had long applied to misleading statements and expanded it to other conduct covered by the FDCPA. In doing so, we followed the lead of the Seventh Circuit, which explained that the FDCPA is designed to provide information that helps consumers to choose intelligently, and by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect).

*Afewerki* at 775 citing *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009).

> [A] consumer possesses a right of action even where the defendant's conduct has not caused him or her to suffer any pecuniary or emotional harm. An FDCPA plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability

16

> depends on whether the *hypothetical* "least sophisticated debtor" likely would be misled.

*Tourgeman*, 755 F.3d at 1117-18.

In *Afewerki*, the Ninth Circuit determined that an incorrect overstatement of the balance in a state court collection complaint was material. *See Afewerki generally; See also Powell v. Palisades Acquisition XVI,* LLC, 782 F.3d 119 (4th Cir. 2014) (debt collector overstated amount owed by debtor in a collection lawsuit was found to be material by the court).

Here, Appellee attempted to collect a balance not owed through the Collection Letter, which is a highly material violation. Appellant was not given the option to choose intelligently when responding because Appellant was being charged for something that she did not owe. The least sophisticated consumer would have been confused by the fact that Appellee was attempting to collect an amount not owed by Appellant and that should have been covered by Appellant's insurance. Therefore, the Collection Letter Claims are material violations.

**G. If this Court Allows the Claim, It Should Bring the State Claims Back**

It appears that Appellee and Appellant agree that if the federal claims remain, then the state claims should remain as well. The parties also agree that if the federal claims are rejected, then the district court has the discretion to dismiss the state claims without prejudice. Should this Court agree that Appellant's federal claims under 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) should remain, then the state

17

claims should be reinstated.

## III. CONCLUSION

Ms. Pearson's Collection Letter Claims were sufficiently pled in the Complaint, and again asserted in Appellant's motion for reconsideration. Appellee spends much of its Answering Brief addressing issues that are not disputed or within the scope of this appeal. The Court should disregard Appellee's arguments regarding Article III standing and materiality because the purpose of this appeal is to determine whether the Collection Letter Claims should remain, not to decide the Collection Letter Claims on the merits. Even if the Court does consider the Article III standing and materiality defenses, Appellant should overcome these arguments based on the controlling case law. Finally, should the Court allow the Collection Letter Claims to remain, then the state claims should be reinstated upon remand.

Dated: May 16, 2022            Respectfully Submitted,

          **KAZEROUNI LAW GROUP, APC**

By:   */s/ Ryan L. McBride*
      Ryan L. McBride, Esq.
      245 Fischer Avenue, Suite D1
      Costa Mesa, California 92626
      Telephone: (800) 400-6808
      Facsimile: (800) 520-5523

      *Attorneys for Plaintiff-Appellant*

**CERTIFICATE OF COMPLIANCE**

This brief complies with type-volume limitation in Fed. R. App. P. 32(a)(7)(b) because this brief contains 3,312 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f). This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Respectfully submitted this 16th day of May 2022.

Dated: May 16, 2022　　　　　　　　**KAZEROUNI LAW GROUP, APC**

　　　　　　　　　　　　　　　　　By: /s/ Ryan L. McBride
　　　　　　　　　　　　　　　　　　　　Ryan L. McBride, Esq.
　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff-Appellant*